```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/2/2023__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
HIGHMORE FINANCING CO. I, LLC,

        Plaintiff,

  -against-

THE GREIG COMPANIES, INC., JASON ALLEN GREIG, DATASSURE CORP., JEFFREY SPARROW, STORBYTE INC., DIAMOND LAUFFIN, STEVEN GROENKE, JOSEPH DRISSEL, PAYRANGE INC., EQUINOX BUSINESS LAW GROUP, PLLC, SHAWN HARJU, JOHN DOE, JOHN DOE, JOHN DOE, and JOHN DOE.,

        Defendants.

---------------------------------------------------------- X

21 Civ. 11021 (AT)

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as "CONFIDENTIAL" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is: (i) non-public proprietary, financial, commercially-sensitive information (e.g. pricing, customer lists, business and/or marketing plans or analysis, license agreements and the like) and/or trade secrets, or other non-public sensitive information; (ii) is subject to an express obligation of confidentiality owed by the producing party to a third-party; or (iii) is subject to the privacy interest of any individual.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute within three business days. Case law from this Court and the Second Circuit, not the terms of Section 1 above, shall govern the

standard for whether documents or information designated "Confidential" warrants that designation if challenged. In the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents or information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The parties to this action and their counsel, including in-house counsel;
    b. Employees of such counsel assigned to and necessary to assist in the litigation;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
    d. Any defendant's insurer or reinsurer who may be responsible for providing a defense and/or indemnification on behalf of that defendant in this action;
    e. Any non-party deponent in this action during the course of that non-party's deposition;
    f. Any person who is the author or recipient of a document or information designated "CONFIDENTIAL";
    g. Any other person agreed to in writing; and
    h. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order. The burden will be on the party designating the document or information as "CONFIDENTIAL" after it has already been disclosed in a public filing or other public forum to retrieve that document or information, including but not limited to moving to seal the information from the public docket.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information of documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of twenty-one (21) days after the date of the deposition. At or before the end of such twenty-one-day period, the deposition shall be classified appropriately.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. Case law from this Court and the Second Circuit shall govern the standard for any motion to seal. The parties shall follow the Court's procedures for requests for filing under seal, including the Court's Individual Rules of Practice in Civil Cases.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information supplied by the parties and non-parties and all copies thereof shall, upon request, be certified to have been destroyed or deleted. However, it is understood that each party may retain a complete file of all litigation documents filed with the Court and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as confidential will not be destroyed or deleted. This Stipulation shall not be interpreted in a manner that would violate any rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or their affiliate(s) in connection with any other matters.

13. The terms herein shall apply to any non-party from whom discovery is obtained in this action.

SO ORDERED.

Dated: May 2, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge