UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HIGHMORE FINANCING CO. I, LLC,

                           Plaintiff,                            **ORDER**

            -against-                            **21-CV-11021 (AT) (JW)**

THE GREIG COMPANIES, INC., *et al.*,

                           Defendant.
-----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On May 5, 2023, non-party Euler Hermes North America ("Euler Hermes") filed the instant motion (the "Motion") to quash subpoenas (the "Subpoenas") issued by Defendants Storbyte, Inc., Joseph Drissel, and Steven Groenke (the "Storbyte Defendants"). Dkt. No. 188. On May 8, 2023, this case was referred to this Court for general pretrial, including the instant Motion. Dkt. No. 192. For the reasons set forth below, the Motion to quash is GRANTED.

## BACKGROUND

On December 22, 2021, Plaintiff filed suit against Defendants alleging, among other things, a scheme to defraud Plaintiff out of a supplier credit that Plaintiff extended to fund the purchase of technological equipment in violation of 18 U.S.C. §1961, *et seq*. Dkt. No. 1. On May 31, 2022, Plaintiff filed an amended complaint, which included claims that Plaintiff had more "comfort" surrounding the transactions at issue in part because Euler Hermes, "[a] leading provider of trade-related insurance solutions . . . evaluated the same financial information and approved coverage." Dkt. No. 96, ¶65. On April 14, 2023, Storbyte Defendants

attempted to serve subpoenas (the "First Subpoenas") via email to an attorney who Plaintiff identified in its Rule 26(a)(1) disclosures as the point of contact for Euler Hermes. Dkt. No. 195 at 8. In the First Subpoenas, Euler Hermes was required to appear and produce documents in Washington, D.C. Dkt. No. 198, Ex. A. The attorney declined to accept service of the First Subpoenas. Dkt. No. 195 at 9. On April 25, 2023, the Subpoenas at issue in the instant Motion were properly served, requiring Euler Hermes to appear and produce documents in New York City. Id. at 10-11. Euler Hermes opposes the Subpoenas, alleging (i) the Subpoenas are outside of the geographical boundaries set forth in the Federal Rules of Civil Procedure (the "FRCP"), (ii) the Subpoenas are unduly burdensome, and (iii) the Storbyte Defendants cannot both proceed on a live motion to dismiss challenging the Court's personal jurisdiction over this suit and ask the Court to compel the Subpoenas related to non-party discovery.

## LEGAL STANDARD

"The burden of persuasion in a motion to quash a subpoena… is borne by the movant." Pegoraro v. Marrero, No. 10-cv-51 (AJN) (KJF), 2012 WL 1948887, at 4 (S.D.N.Y. May 29, 2012) (quoting Jones v. Hirschfeld, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003)). The Court "must quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). A subpoena may only "command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). "A subpoena may command

production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). "Motions to quash under Rule 45 are entrusted to the sound discretion of the district court." Universitas Educ., LLC v. Nova Grp., Inc., No. 11-CV-01590 (LTS) (HBP), 2013 WL 57892, at 2 (S.D.N.Y. Jan. 4, 2013) (internal citations omitted).

## DISCUSSION

Euler Hermes argues that the Subpoenas should be quashed or modified because they require compliance beyond the geographical limits set forth in FRCP 45. Dkt. No. 189 at 4. Storbyte Defendants allege that while Euler Hermes is headquartered in Owings Mill, Maryland, Euler Hermes has an office where it regularly conducts business in New York City. Dkt. No. 195 at 11-12. Euler Hermes subsequently confirmed in a sworn affidavit that "all Euler Hermes employees who may have knowledge of the matters for which discovery is sought . . . reside and are employed in or around Owings Mills, Maryland." Dkt. No. 198 at 2. Owings Mills, Maryland is more than 100 miles away from New York City. As Euler Hermes argues, FRCP 45 is specific to the actual individuals being deposed rather than the business as a whole. See Price Waterhouse LLP v. First Am. Corp., 182 F.R.D. 56, 63 (S.D.N.Y. 1998) (stating the 100-mile limitation applies to the actual individuals who would be forced to travel to be deposed). Since Euler Hermes has confirmed no individual with relevant information resides or works within the 100-

3

mile geographical limit set forth in FRCP 45, the Court agrees that Euler Hermes has met its burden to show the Subpoenas must be modified or quashed.

Euler Hermes further argues the Subpoenas are unduly burdensome, and Storbyte Defendants "must [either] waive their jurisdictional defenses" or withdraw the Subpoenas. Dkt. No. 197 at 3, 5. In support of the latter argument, Euler Hermes cites Am. Tugs, Inc. v. 3HD Supply, LLC, 2020 WL 13542434, at 3 (S.D.N.Y. May 27, 2020), which says, "[a] defendant is deemed to have waived personal jurisdiction when they 'give a plaintiff a reasonable expectation that [they] will defend the suit on the merits or . . . cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.'" However, the Court need not address these arguments at this time because the geographical limits of the Subpoenas are clear and determinative.

The Motion to quash the Subpoenas is GRANTED. The Clerk of the Court is respectfully requested to close the Motion at Dkt. No. 188.

SO ORDERED.

DATED:   New York, New York
         June 5, 2023

_____
JENNIFER E. WILLIS
United States Magistrate Judge

4