USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIGHMORE FINANCING CO. I, LLC,

Plaintiff,

-against-

THE GREIG COMPANIES, INC., JASON ALLEN GREIG, DATASSURE CORP.,

Defendants.

21 Civ. 11021 (AT) (JW)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiff, Highmore Financing Co. I, LLC, filed this action against The Greig Companies, Inc., Datassure Corp., and Jason Allen Greig (collectively, "Defendants") alleging various federal and state claims related to Defendants' fraudulent scheme to obtain Highmore's funds. *See* Am. Compl. at 1–2, ECF No. 96. The Greig Companies and Jason Greig (the "Defaulting Defendants") failed to respond to the first amended complaint or otherwise appear. The Court granted a default judgment against the Defaulting Defendants on Plaintiff's claims for breach of contract and fraud in the inducement. *See* Judgment, ECF No. 221. The Court then referred the inquest on damages to the Honorable Jennifer E. Willis for a report and recommendation ("R&R"). *See* ECF No. 222.

Judge Willis concluded that Plaintiff alleged sufficient facts to establish the breach of contract and fraud in the inducement claims. *See* R&R at 7–10, ECF No. 228. Judge Willis recommended, therefore, that the Court award Plaintiff "$18,476,365.80 in [] damages for breach of contract, $27,827,686.20 in [] late fees, $324,526.25 in attorneys' fees and costs, plus post-judgment interest to be calculated by the Clerk of Court." *See id* at 1. Judge Willis declined to recommend that the Court award the punitive damages Plaintiff sought. *See id.* at 15–17.

Despite notification of the right to object to the R&R, *see id.* at 18–19, no party filed objections, and the time to do so has now passed. Fed. R. Civ. P. 72(b)(2). Because no objections were made, the Court reviews the R&R for clear error. *See Santiago v. Colvin*, No. 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014). The Court finds no clear error in Judge Willis' thorough and well-reasoned R&R.

Accordingly, the Court ADOPTS the R&R in its entirety. Plaintiff is awarded compensatory damages of $18,476,365.80, late fees of $27,827,686.20, attorney's fees and costs of $324,526.25, and post-judgment interest from the date judgment is entered until the date judgment is paid, pursuant to 28 U.S.C. § 1961.

SO ORDERED.

Dated: October 22, 2026
New York, New York

ANALISA TORRES
United States District Judge